In the Matter of the Estate of EDWARD LEGER, Deceased.

Surrogate's Court, Rensselaer County, April 20, 1933.

*Van Santvoord & Wellington* for National City Bank, executor.

*T. J. Quillinan,* for Harry Bruce Leger, legatee and remainderman.

*F. E. Bowen,* for Louise M. Leger, widow.

WAGER, S. Only one question is submitted to the surrogate in this proceeding for the judicial settlement of the accounts of the

executor, and that is as to the right of the widow to elect to take her intestate share as against the provisions of the will made in her behalf.

The decedent died on March 22, 1931, leaving a will and several codicils thereto, the last codicil bearing date October 9, 1930, which made it possible for the widow to file an election to take her intestate share pursuant to section 18 of the Decedent Estate Law, as amended by chapter 229 of the Laws of 1929.

To summarize the provisions of the will it is provided that the nephew Harry Bruce Leger should receive a legacy of $40,000, and the residue was given to the executor in trust, to collect the rents and income, and to pay the same to decedent's wife for life or so long as she shall remain his widow. This restriction as to payment of income makes it less than a life estate and permits the widow to file an election to take her intestate share. (*Matter of Byrnes,* 260 N. Y. 465.)

The will and codicils were not probated until October 20, 1931, a period of over seven months from decedent's death. In the meantime temporary letters of administration were granted to the executor named in the will, and on the judicial settlement of the accounts of said administrator on December 17, 1931, there was inserted in the decree and directed to be paid from the income of that part of the estate representing the residue the sum of $450 to the widow on account of her income from the trust created in the will. Prior thereto there had been paid to her the sum of $138; at different times after the judicial settlement there was paid by the executor to the widow various sums, the total payments amounting to $2,438. The checks for said payments and the receipts attached thereto stated that the payments were made from income received from the funds held by the executor on account of the trust created in decedent's will for her benefit.

The widow duly filed her election to take her intestate share within the six months' period after the probate of the will, but the matter was not brought on for a hearing before the court until the final judicial settlement of the executor's accounts, at which time the legatee Harry Bruce Leger, who is also the remainderman of the trust created in the will, filed an answer to the election claimed by the widow, in which answer it was alleged that the widow by receiving income from the temporary administrator and from the executor had accepted the provisions of the will and thereby had waived her right to receive her intestate share under the provisions of section 18 of the Decedent Estate Law, as amended.

There is no dispute as to the facts. The decedent's estate approximated $93,817. After paying the debts and funeral and

administration expenses there remains in the hands of the executor, assets of the value of $88,000; deducting the legacy of $40,000, given to the nephew, there remains $48,000, less expenses of the accounting and commissions, to form the trust fund created for the benefit of the widow. The widow is sixty-five years of age, and it was conceded on the argument by counsel that from the death of her husband she had no independent income, and that the payments made to her from time to time were necessary for her proper maintenance and support.

Counsel for the nephew has submitted a very strong brief in support of the claim, and has cited numerous authorities upholding the doctrine that in accepting any of the provisions of the will the person so accepting must give full force and effect to all other provisions of the will; and that the widow in accepting this income from time to time has legally accepted the provisions of the trust created for her benefit, and is estopped from an election under the provisions of section 18 of the Decedent Estate Law.

Counsel for the widow at the hearing before the surrogate stipulated that the sum so received by her should be considered as payments on account of her intestate share, and that thereby no legal injury or loss was sustained by any person in interest.

The Commission appointed to recommend changes in the Decedent Estate Law, in its various reports gave it as its opinion that more liberal provision should be made for the surviving spouse. And the Legislature in adopting the new section 18 of the Decedent Estate Law announces its intention to be, to increase the share of the surviving spouse in the estate of the deceased spouse, either in the case of intestacy or by an election against the terms of the will of the deceased spouse, thus enlarging property rights of such surviving spouse. And by section 20 of the same law (Laws of 1929, chap. 229) stated that such provisions " shall be liberally construed to carry out such intention."

The Commission further in its report to the Legislature stated that there should be arrangements made whereby the immediate necessities of the surviving spouse should be provided for. The only provision in that respect created by the Legislature was a provision for the payment of $2,500 in cash in certain instances where a proper trust had been created for the benefit of the surviving spouse. There would be no question under the law as it existed prior to the enactment of chapter 229 of the Laws of 1929, but what the widow in this matter would be estopped from claiming against the will. The action of *Beetson* v. *Stoops* (186 N. Y. 456) and many other cases cited firmly settled that doctrine.

But here we are to carry out and construe the provisions of a

more liberal law, and are to determine from the facts in this particular matter whether the surviving widow should be compelled for nearly two years to be without income, to suffer want perhaps, in order to obtain her rights of an election as against the provisions of the will. In this matter her election was made in proper form and in time as prescribed by law. She was not responsible for the law's delay in the probate of the will or for the time taken in the administration of the estate. We have passed through uncertain and very unusual times, and this widow having money coming to her from the estate of her deceased spouse in some form or another asks from the executor who had the property in charge, for her necessary subsistance. The executor paid it from the only funds that it could legally pay from, until a settlement of the estate was had or the determination of the widow's election to take against a will was made. In making these payments we must consider what harm if any was done to any party interested in the estate. The widow agrees that the amount received shall be considered as part of the principal of the estate, and if allowed to take her intestate share, said amount shall be deducted from said share. That leaves the other party, the nephew, who is the sole person besides the widow interested in the estate, in exactly the same position as if the widow had borrowed the money from the bank and is now repaying it. It would seem that if we are to give full force and effect to the present law, and are to liberally construe the provisions thereof in favor of the surviving spouse, we must under these particular facts hold that the widow has the right to her election to take her intestate share, and that the same has not been waived by receiving small sums at various times for her needs, particularly so when said sums are now in effect returned to the estate and form part of the general assets of the net estate.

The nephew will be in exactly the same position as he would be if these payments had not been made to the widow. None of his legal rights have been violated.

All other things being equal, the decision should be in favor of the surviving widow.

The court does not attempt to hold that a surviving spouse may not by her or his act waive the right to an election to take an intestate share as against a will, but under the facts in this particular matter we believe that Mrs. Leger has not waived her rights and the decree should provide that she is entitled to her intestate share, and that there should be deducted therefrom the amount already received by her from the executor as shown by the account.

Decreed accordingly.