Maximilian Moss, S.
This is a proceeding pursuant to section 145-a of the Surrogate’s Court Act to determine the validity and effect of petitioner’s election to take her intestate share against the will in accordance with section 18 of the Decedent Estate Law.
Testator died on August 13, 1955, survived by his wife, the petitioner, and two daughters, a brother and four sisters. His will dated April 1, 1941 was duly probated and letters testamentary were issued on October 18, 1955 to the named executors : his attorney, his accountant, a bank and petitioner. Letters of trusteeship were then issued to the bank.
By his will testator directs the executors among other things to pay all estate taxes, to pay petitioner the sum of $5,000 and to transfer the residuary estate to the trustee who is to set up eight separate trusts. The first of these trusts, created by paragraph eighth, subdivision A of the will, is for the benefit of petitioner and to consist of one third of the residuary estate. The trustee is directed to pay petitioner out of the net income and if necessary out of the principal of this trust an annuity of $4,800 in $400 monthly installments for life, and upon her death to pay principal and any undistributed income to testator’s issue surviving petitioner and, if there be none, to testator’s named brother and sisters “or to the survivors of them and per stirpes to the lawful issue of any deceased sister and brother, in equal shares.” If in any calendar year during petitioner’s lifetime the net income of the trust fund exceeds the annuity of $4,800 such excess becomes payable similarly to said remaindermen. In paragraph ninth the executors are directed to make all income and annuity payments pending the setting up of the respective trusts. Very wide powers are given the executors and the trustee. The paragraph preceding the testimonium clause reads as follows: “ twenty-second : The foregoing provisions in this will in favor of my said wife are in lieu of any and all claims which she may have as my surviving spouse, whether by way of dower, right of election under the Decedent Estate Law, or under any other law of the State of New York or of any other jurisdiction.”
The petition dated August 22, 1956 alleges, inter alia, that testator died leaving an estate of $385,457.03; that petitioner has exercised the right of election provided in section 18 of the Decedent Estate Law; that her notice of election was duly *289 served and filed and recorded on February 28, 1956; that a copy thereof was duly personally served on the executors; that without prejudice to her right of election she has received from the executors payments as follows: $3,600 on May 1, 1956, $400 on June 5, 1956, $5,000 on June 4, 1956, $400 on July 3, 1956, and $400 on August 1, 1956; and prays for a decree confirming her election to take against the will.
On April 24, 1957 the executors filed an intermediate account to which objections were filed and are still pending relating in part to the present proceeding. In schedule J of said account it is indicated that a reserve has been set aside for the widow’s trust in the sum of $50,000 principal and $592.99 income and that monthly annuity payments have been made to petitioner pursuant to the terms of the will. Attention is also called to the fact that the present proceeding is pending to determine the validity and effect of petitioner’s notice of election and that an application will be made to consolidate the two proceedings, but this has not been done.
The petition herein is opposed by or on behalf of the secondary remaindermen of the trust for petitioner. They are testator’s brother and sisters and the special guardian for infant children and one in military service. Their chief contention is that petitioner has waived her right of election and is estopped from excercising such right by reason of the fact that she accepted benefits under the will. The matter was referred to a Referee to hear the proofs and report on all questions arising in the petition and objections. The learned Referee has filed his report recommending dismissal of all objections and upholding the validity of petitioner’s election.
Petitioner now moves for an order confirming the Referee’s report, fixing allowances to the Referee, the special guardian and counsel, construing the will of the decedent insofar as the said will is affected by the decision confirming the report, and for other relief as may be proper. A cross motion is also before the court by the primary remaindermen —• the daughters who are the sole issue of testator and petitioner — for the same relief. This motion is made in order to bring in all interested parties “to this construction proceeding.” Another cross motion is made by testator’s brother for an order sustaining his amended objections 2 and 3 and disaffirming the Referee’s findings b, c and d, substituting therefor other findings as set forth, and for other relief as may be proper. The special guardian in his report and an affidavit opposes confirmation.
The findings of the learned Referee are sustained by the evidence adduced at the hearing and his recommendations are *290 approved and will be adopted. On all the proof contained in the record, the court determines that petitioner has a right of election, that it was validly exercised and that petitioner has not waived the right and is not estopped from enforcing same. Her acceptance subsequent to the service, filing and recording of her notice of election of the legacy to her and of the annuity payments provided in paragraph eighth, subdivision A, of the will, under the circumstances disclosed herein, does not bar her from claiming her elective share (Matter of Leger, 147 Misc. 286; Matter of Burr, 168 Misc. 240, affd. 254 App. Div. 825; Butler, New York Surrogate Law and Practice, § 2300). The objections not heretofore withdrawn are dismissed. The report of the learned Referee is in all respects confirmed.
Petitioner has a limited right of election, pursuant to section 18 (subd. 1, pars, [f], [g]) of the Decedent Estate Law, because she is not given all the income in the trust for her and, in addition, her benefits under the will in the aggregate appear to be less than her intestate share. She is entitled to take the difference between such aggregate amount and the amount of her intestate share, i.e., one third of the net estate remaining after deducting her statutory exemptions, the estate debts, funeral and administration expenses. The terms of the will otherwise remain effective (Decedent Estate Law, § 18, subd. 2).-Such differences shall be charged pro rata against all legacies, excluding the one to petitioner, and all gifts in trust including the trust for petitioner’s life as reduced by her annuity valued in accordance with the requirements of rule 30 of the Rules of Civil Practice. The income of the trust is payable to the primary remaindermen, testator’s daughters, as the persons presumptively entitled to the next eventual estate. The income on petitioner’s elective share is payable from date of testator’s death. The executors will make the necessary adjustments relative to the payments made to petitioner to date.
The parties on these motions request construction of the will insofar as confirmation of the report will affect same. They also seek allowances for counsel which are authorized by section 278 of the Surrogate’s Court Act in cases of construction. Generally, a proceeding under section 145-a does not require construction of the will and consequently does not form a basis for allowances to counsel as for a construction. In this proceeding no construction in the true sense of the word is involved. It is not requested in the petition and is not covered by the Referee’s report. We have here the ordinary proceeding to determine the validity and effect of the exercise of a right of election to take against the terms of the will. The effect of *291 petitioner’s election herein is stated above. Such determination did not require any interpretation of the will in order to ascertain the existence or the manner of satisfying such right. Only when determination of such questions becomes necessary in connection with a proceeding pursuant to section 145-a may it be said that a construction is involved authorizing allowances to counsel therein pursuant to section 278. This now appears to be the settled law as expounded in the recent decision of Matter of Liberman (6 N Y 2d 525). See, also, Matter of Rosenblum (137 N. Y. S. 2d 481).
The conflicting contentions of counsel as to whether the trust remainder is vested and accelerates or is contingent does not convert the sole issue raised by them into one of construction as a basis for allowances to counsel. The remainder provisions of the trust for petitioner containing conditions of survivorship plainly bar immediate vesting (Matter of Harris, 154 N. Y. S. 2d 324). The testamentary intent is clear and unambiguous and does not call for construction (Matter of Battell, 286 N. Y. 97). Under the circumstances there is no authority for allowance to counsel payable out of the estate. The successful parties are entitled in the discretion of the Surrogate to their bills of costs. Allowances to the Referee and the special guardian will be fixed and inserted in the decree herein.