S. Samuel Di Falco, S.
In this proceeding for settlement of their account, the executors have requested a determination of the validity of the widow’s right of election. The decedent, by the terms of paragraph Fourth of his will, attempted to create a trust on behalf of his widow which would entitled his estate to receive a full marital deduction. In doing this, however, he stated that the amount of the trust was to be reduced by not only the aggregate amount passing to the widow under the will, but by the amount of the property passing to the widow outside of the will. During his lifetime, the testator created Totten Trusts for the benefit of his wife aggregating approximately *1061 $160,000. As these Totten Trust bank accounts passed to her upon his death and form no part of the estate (Matter of Rosenfield, 76 N. Y. S. 2d 177), the aggregate of the provisions made by the decedent for the benefit of his surviving spouse under the will does not equal her intestate share and she is, therefore, entitled to and has properly exercised her right of election. (Decedent Estate Law, § 18; Matter of Curley, 151 Misc. 664; Matter of Taliento, 9 Misc 2d 167.)
Under paragraph Second of decedent’s will, his wife receives all his personal and household effects which have been valued at $2,000. As these items are exempt property pursuant to the provisions of subdivisions 1 and 4 of section 200 of the Surrogate ’s Court Act, they are not to be considered in the computation of the widow’s elective share. Under the same paragraph Second the decedent bequeathed to his wife the shares of stock he owned in a co-operative apartment in which they resided at 480 Park Avenue, New York City. As the stock in said corporation was held jointly in the names of decedent and his wife with rights of survivorship, the stock ownership vested in her at the time of the decedent’s death and his bequest to her of such stock will merely be considered as an affirmation by the decedent of his wish that his wife receive such stock and shall also not be considered in computing the widow’s elective share in the estate. (Matter of Sheppard, 81 N. Y. S. 2d 87; Matter of McCarrick, 138 N. Y. S. 2d 412.)
After excluding these items from the computation of the widow’s elective share, the formula to be followed is as follows: The widow shall be entitled to receive outright the difference between the aggregate benefits conferred upon her under decedent’s will in trust or otherwise and one half of the net estate computed by reducing the value of the gross estate by the total of debts and administration expenses but not estate taxes. (Matter of McCarrick, supra.)
As the aggregate value of the property passing to the widow under the will and as a result of her election plus the nontestamentary property passing to her as a result of the death of the decedent plus the exempt property which she will receive pursuant to the provisions of section 200 of the Surrogate’s Court Act is in excess of the maximum Federal and New York State estate tax marital deduction allowance, the widow will be required to bear her proportionate share of the estate taxes on such excess. The residuary legatees other than the widow shall be required to contribute proportionately such amounts as may be required to make up the difference between the amount passing to the widow under the terms of the decedent’s will *1062 and the amount passing to her as a result of her exercise of her right of election» (Matter of Curley, 160 Misc. 844; Matter of Ferrara, 165 Misc. 900.)
Submit decree on notice settling the account accordingly.