Joseph A. Cox, S.
The will of this testator creates a marital deduction trust for the benefit of his widow and a residuary trust for the benefit of his son. The trustees of the widow’s trust are authorized to invade the principal for her benefit and she is granted a general power of appointment. The will was admitted to probate in 1954 and when the executors prepared the Federal income tax returns of the estate for the years 1954 and 1955 they elected to report certain administration expenses as deductions for income tax purposes rather than to utilize the same expenses as deductions in the Federal estate *575 tax return (U. S. Code, tit. 26, § 642, stibd. [g]). While this elective treatment of expenses reduced the amounts payable as income taxes and effected an over-all tax saving, the amount payable as estate tax necessarily was larger than would have been the case had the expenses been claimed as deductions in the estate tax return and not in the income tax returns. The executors reported their allocation of expenses and the resultant tax consequences in their intermediate account, which covered the administration of the estate through the year 1955, and the court in settling their account directed that the principal of the estate be reimbursed to the extent that it had been diminished by the elective treatment of the deductible expenses (Matter of Inman, N. Y. L. J., Dec. 6, 1956, p. 6, col. 5). The final account of the executors which is now before the court for judicial settlement states that such reimbursement has been made.
Article Seventh of the will directs that the marital trust be in “ an amount which shall equal one-half (%) in value of my ‘ adjusted gross estate ’, as that term is defined in Section 812(e) (2) of the United States Internal Revenue Code, as amended, said one-half (%) to be reduced, however, by the aggregate amount of marital deductions, if any, allowed for Federal Estate Tax purposes by reason of .property or interest in property passing or which have passed to my said wife otherwise than by the terms of this Article.” The executors take the position that the adjusted gross estate as ascertained for estate tax purposes is the basis for the computation of the amount of the widow’s trust but the special guardian for the testator’s son contends that all administration expenses which, but for the election of the executors, could have been deducted in the estate tax return must be regarded as if they had been actually claimed and deducted in determining the amount of the widow’s trust. In other words, the executors assert that the amount of the trust is one half of the adjusted gross estate as computed for tax purposes while the special guardian argmes that the amount of ithe trust is one half of the amount which the adjusted gross estate would have been had all assertible deductions been claimed in the estate tax return.
The resolution of the issue created by the objection of the special guardian rests upon the intention of the testator as expressed in his will and the problem is not solved by application of standard accounting practices or, for lack of better reference, by resort to equitable principles to adjust the interests of the parties. Here the intention of the testator is clear. His purpose was to create a trust for his widow in an amount which would result in the greatest tax saving and, consonant with this *576 objective, he planned his will to provide for a maximum marital tax deduction. Although there has been no criticism of the methods employed by the executors in obtaining tax advantages and it is conceded that the elective right exercised by them has resulted in a tax saving without prejudice to the principal of the estate, the objection of the special guardian is a contention that the adjusted gross estate be reduced in amount, the size of the widow’s trust be reduced accordingly and, as a consequence, less than the maximum obtainable tax deduction be claimed. Such a result would defeat the testator’s plain intent to make substantial provision for his wife and, in so doing, to avail his estate of the fullest tax deduction.
The testator dictated that the size of the marital trust be determined, by reference to the Internal Revenue Code and that the trust be constituted in accordance with the definition of the term “ adjusted gross estate ” that is found in the code. It is accepted in this tax-conscious era that testamentary draftsmen employ definitions found in the tax laws in order .to obtain fullest tax benefits and not because of a vocabulary deficiency and it must be recognized that had this testator intended to create a trust of one half of his residuary estate, his resort to a tax law definition wTould have been pointless. The objection only emphasizes the fact that there can be a great distinction between the adjusted gross estate a's defined in the Internal Revenue Code and the net estate remaining after the payment of all administration expenses aiid it is this distinction which gives the testator’s direction particular significance. The direction in the will must be given the operative effect which the testator intended and that is that the marital trust be fixed in an amount equal to one half of the adjusted gross estate determined for tax purposes. The objection to the failure of the executors to reduce the marital trust by one half of all administration expenses is dismissed.
Further objection is made to the transfer by the executors to the marital trust of certain securities, received from the testator, at the valuations placed upon such securities for estate , tax purposes rather than the market values on the date of such transfer. At the time of such distribution to the marital trust, securities also were transferred to the residuary trust and the aggregate gains in the value of securities owned by the testator were distributed in a proportionate manner between the two trusts based upon the estimated values of the respective trusts at the time of distribution. It is the contention of the special guardian that the amount of the marital trust is in effect a dollar, amount legacy and, if- securities are used to satisfy the legacy, *577 the securities transferred to the trust must be valued at market values on the date of transfer. There has been a substantial increase in the value of the estate securities and the objectant asserts that the marital trust is not entitled to any gain and he wants the calculated amount of unrealized gains on securities which were transferred to that trust to be paid over to the residuary trust.
The will authorizes the executors to satisfy any bequest in kind and to transfer securities to the trusts. The will provides as follows: ‘ ‘ any property so conveyed and assigned in kind to satisfy said bequest shall be valued for that purpose at the value thereof as finally determined for Federal Estate Tax purposes ”. Similar language has been construed as expressive of an intention that the legacy share in appreciation of securities and suffer the consequences of depreciation and also as a clear authorization to executors to take the action which is here criticised. (Matter of Bush, 2 A D 2d 526, affd. 3 N Y 2d 908; Matter of Jephson, N. Y. L. J., Nov. 13, 1956, p. 8, col. 5; Matter of Valentine, 165 Misc. 863.) The claim that this testamentary direction is violative of section 125 of the Decedent Estate Law is without merit (Matter of Bush, supra) and it is held that, in making distribution at tax valuations, the executors complied with the plain command of the will. The objection to such distribution is dismissed. In making, this ruling upon the stipulated facts the court is of the impression that there has not been presented for determination at this time any issue as to whether or not the distribution as between the respective trusts has in fact been fairly and equitably made.
The compensation of the attorney for the executors is allowed in the amount requested. Submit decree on notice settling the account.