Pierson R. Hildreth, S.
In this final accounting of the executors objections are filed by the respondent trustee. Objection is made to a proposed method of distribution of securities in kind in partial satisfaction of a marital deduction legacy which decedent made to his wife.
The issues raised require a construction of the will to determine (a) the nature of the bequest, whether it is to be regarded in effect as a general legacy for a definite dollar amount ascertained by computation, or whether it is to be regarded as a fractional interest of indefinite dollar amount of the residuary estate, and (b) whether, under the provisions of the will and to the extent that the legacy may be satisfied by distribution of securities in kind, tax date values or distribution date values are to be used.
Decedent died December 22, 1961, leaving a will dated June 17, 1955, survived by his wife and an adult son. He was also survived by three grandchildren who are infant children of his son. By his will he gave his wife certain personal items, gave general monetary legacies to his son, daughter-in-law and grandchildren. He then gave a direct legacy to his wife under article seventh as follows: ‘1 seventh : If my wife, jessie n. hmpleby, shall survive me, then and in such event I give, devise and bequeath to my wife, absolutely and forever, such part of any property, real, personal, or mixed, of which I die seized or possessed or over which I may have a power of appointment, other than and excluding property with respect to which the marital deduction is not authorized for Federal Estate Tax purposes, which is equal in value to 50% of my adjusted gross estate as finally determined for Federal Estate Tax purposes, but minus property passing to my wife other than under this paragraph and minus property, including the proceeds of life insurance, which has passed or will pass to my wife by means other than this will and which will qualify for and be allowed under the marital deduction for Federal Estate Tax purposes. For the purpose of determining the value of my property passing to my wife, including the proceeds of life insurance and other property which has passed or will pass to my wife by means other than under this will, the valuation placed on such property in the final determination for Federal Estate Tax purposes shall be conclusive on all parties interested in my estate.”
He then disposed of his residuary estate by article eighth. This created a residuary trust with income to his wife, remainder on her death to his son or to his grandchildren if his son predeceased his wife, with a grant of full discretionary power to *934 his trustees to invade corpus for the benefit of the wife without regard to her own resources, viz.:
‘ ‘ EIGHTH * * *
“ (A) If my wife, jessie h. umpleby, shall survive me, then I give, devise and bequeath said residuary estate to my Trustees hereinafter named, iu trust, nevertheless, to hold, manage, invest and reinvest the same, and to collect and receive all income, interest and profits therefrom and, after paying all necessary and proper charges, to pay over the net income therefrom to my wife, jessie n\ umpleby, in monthly installments during her life, and upon her death I direct that the trust shall terminate and the principal thereof, together with any accumulated income thereon be disposed of as hereinafter provided in subparagraph (B) hereof.
“(B) Upon the death of my wife, jessie h. umpleby, if she shall survive me, or upon my death, if my wife, jessie nt. umpleby, shall predecease me, I give, devise and bequeath the remaining principal of the trust hereinabove established, together with any accumulated income thereon, or my residuary estate, as the case may be, to my son, johe l. umpleby, if he shall then survive, but if my said son shall have predeceased the survivor of my wife, jessie n. umpleby, and myself, then and in such event I give, devise and bequeath the then remaining principal of the trust together with any accumulated income thereon, or my residuary estate, as the case may be, equally to such of my grandchildren who may be alive at the death of the survivow [sia] of my wife, jessie u. umpleby, and myself.
“ (0) If my wife, jessie h. umpleby, shall survive me, then and in such event my Trustees hereinafter named are hereby authorized to pay from the principal of the said trust such amount or amounts thereof as they in their absolute and uncontrolled discretion shall deem necessary for the proper support and maintenance of my said wife in accordance with her present standard of living and without regard to any other assets or sources of income which my said wife may have.”
He appointed his wife and son executors, and his son and the respondent, Chemical Corn Exchange Bank, as trustees; directed that estate taxes be paid from the residuary estate; and gave express authorization to his executors and trustees to make distribution in kind by article twelfth (e) as follows: “twelfth * * * (e) to make distributions in kind or partly in kind, either in payment of any legacy or bequest or for tiie purpose of setting up any trust hereunder, or upon final distribution of any such trust, and to evaluate (for the *935 purpose of determining any distributive shares) any property or securities so distributed or set aside in kind either at the then market value or the fair value thereof, without the consent of /any legatee, devisee, beneficiary or remainderman hereunder ”.
It seems to the court that decedent’s will quite clearly states the method to be followed to determine the value of the direct bequest decedent made to his wife by article seventh. It is to be such part of his estate as “is equal in value to 50% of my adjusted gross estate as finally determined for Federal Estate Tax purposes ” minus certain property passing to his wife under other provisions of the will and property passing to her outside of the will. He expressly provides in the same article that for the purpose of determining 1 ‘ the value ’ ’ of the property so “ passing ” to his wife including insurance and property passing outside the will the Federal tax values be used. There is no difficulty in ascertaining the amount of such legacy according to his directions: (a) The adjusted gross estate as finally determined for Federal estate tax was $1,033,392.99, 50% thereof is $516,696.50; (b) deduct, using Federal tax valuations, the qualified property “ passing ” to the wife under other provisions of the will and outside of the will consisting of personal property, jointly owned real estate and insurance amounting to $50,948.17; (c) the resulting amount is $465,748.33. The direct legacy so given the wife is therefore the part of his estate “ equal ” in value to this figure of $465,748.33. Decedent did not give his wife a legacy which was to be in excess of this exact figure nor was it to be less than such definite amount. It was to be “ equal ” to it. How is it to be satisfied?
The executors propose in their account to partially satisfy the legacy by a distribution of securities in kind, not at the “market value or the fair value ” at the time of distribution, as directed by article twelfth (e), but by use of Federal tax values. The Federal tax values are less than present distribution values. The effect of the proposal would be to give the wife, who is also an executor, securities having a present value of about $565,000 in payment of her legacy which was to be “ equal ” in value to $465,748.33. This proposal would of course reduce the amount of securities left for the residuary estate and for the residuary trust for the benefit of the wife, son and grandchildren.
The proposal of the executors is to divide the residuary estate on a fractional interest basis on a numerator-denominator formula so that the assets distributed in kind are shared by the wife and the trust. Since the securities still on hand have *936 appreciated over tax values the wife and the residuary trust would each share the appreciation, but, on the other hand, if there had been a depreciation this method would require each to bear part of the loss. Decedent, however, did not divide his residuary estate between his wife and a residuary trust as he could have done had he so desired. He did not express any wish that his wife receive a ratio of his whole estate. Neither did he give her any fractional share on any stated numerator-denominator formula. What he did give her was a part or share which was to be equal in value to a sum ascertained by following a prescribed computation.
It appears to the court that decedent by the express provisions of his will gave two directions. First, he made a direct legacy to his wife and specified how the dollar value of such legacy should be computed. In the opinion of the court the reference to Federal tax valuations in article seventh means only that they are to be used to determine the value of the adjusted gross estate and value of items ‘ ‘ passing ’ ’ to the wife to compute the “ value ” of her legacy. In the context used, such Federal valuations do not and were not intended to govern distribution values which are governed by the usual rules and article twelfth (e). Second, he gave his executors and trustees the privilege of making a distribution of property in kind in full or partial payment of “ any legacy or bequest ” or for “ setting up any trust,” or for “final distribution ”, but provided that if they do elect to make any such distributions in kind, any property or securities so distributed must be “ evaluate [d] (for the purpose of determining any distributive shares) [of such securities] at the then market value or the fair value thereof ”. This obviously insures that each general legatee including the wife will not suffer should assets depreciate before distribution if they are compelled to accept in kind. Without such privilege all legacies, including the share to the wife, would have to be satisfied in cash.
It is the usual rule that a legacy is payable in cash unless the will authorizes payment by distribution in kind. (Villard v. Villard, 219 N. Y. 482; Matter of Valionis, 176 Misc. 110 [1941]; Matter of Weiser, 9 Misc 2d 113 [1957].)
The general rule also is that when a legacy is paid by distribution of property in kind, the property is taken and distributed at its value determined as of the date of distribution. Such rule applies unless the will authorizes or directs that distribution be at values determined at a different time. (Matter of Valentine, 165 Misc. 863 [1937]; Matter of Gauff, 27 Misc 2d 407 [1960]; Matter of Bush, 2 A D 2d 526, affd. without opinion 3 N Y 2d 908 [1956].)
*937 The meaning or effect of diverse testamentary clauses using marital deduction tax phraseology in a legacy to a spouse has been considered in several cases since this will was made in 1955. Such a legacy to a spouse with the objective of securing a marital deduction may be made in a number of ways and each must be construed according to its own language and the intent of the particular testator as indicated by his own language. There may be an outright bequest; the bequest may be geared to tax law language designed to obtain a maximum deduction by a formula. Such formula usually seems to be of two types described as (a) a pecuniary formula which results in a legacy of a definite dollar amount or value equal to the deduction and which amount the spouse thereby becomes entitled to receive, in cash or in kind, unaffected by appreciation or depreciation of assets between tax date and distribution date, or (b) a fractional formula which results in a legacy geared to a stated ratio or fractional interest applied to the residuary estate at date of distribution, with the spouse receiving a fraction of the distributable assets whether then worth more or less than the tax valuation basis of the assets.
In addition to the usual questions incident to finding the testator’s intent when the meaning is not clear from the words used in the will, other problems arise from marital deduction legacies because testators often fail to foresee and provide for certain effects and because some matters have not as yet been settled by clear case law. The adjusted gross estate and the amount of allowable deduction may be affected by numerous factors which tend to influence the viewpoints of interested parties. Some of such factors are: Whether deductions are used for income or estate tax, whether tax values are fixed at date of death or at an optional date, whether distribution can be made at other than distribution date values, whether actual or potential capital gain taxes should fall on the estate or on legatee, whether the spouse should receive part of the appreciated value of assets enhanced in value when distributed in kind or should suffer a reduction in the tax value of the marital legacy when assets have depreciated in value before distribution. It is perhaps a bit easier to construe testator’s language in a way enabling the spouse, usually the wife, to share in increases in value, than it is to give the same construction when the effect is to diminish the value of her legacy.
The problems mentioned are reflected in the decisions. In Matter of Bush (2 A D 2d 526, affd. without opinion 3 N Y 2d 908 [1956], supra) the will gave a husband a total sum 11 as shall equal ’ ’ one half of the adjusted gross estate and *938 created a residuary trust for the son. The testatrix directed that date of death values be used to determine the adjusted gross estate and authorized distribution in kind both to the husband and to the residuary trust at appraised values. The only appraisal made was for tax purposes at date-of-death values. The court found that it was manifest from the language of the will that the testatrix intended that distribution be made at such date of death tax appraisal values contrary to the usual rule of distribution date values. It then held that in distributing at such values to both the husband and to the trustee the allocation of assets must be equitable and that the husband would not be permitted to distribute to himself securities enhanced in value to the prejudice of the trust and therefore that distribution must be in such manner that the husband and trustee share proportionately in any appreciation or depreciation of distributed securities. In Matter of Inman (22 Misc 2d 573 [1959]) the will created a marital deduction trust equal to one half of the adjusted gross estate, a residuary trust for a son, and authorized distribution at tax values. It was held that the language directing distribution at tax values was expressive of an intent that the marital legacy share in appreciation and suffer the consequences of depreciation citing the Bush case. In Matter of Bing (23 Misc 2d 326 [1960]) the will gave the spouse a part of the residuary amounting to the value of one half of the adjusted gross estate and expressly stated testator’s intent to have the estate benefit from the maximum marital deduction. The court held that the gift, being of a part of the residuary estate, was a gift of a fractional interest of the distribution date assets participating in any increase or decrease in value during administration. In Matter of Ossman (27 Misc 2d 632 [1960]) the will created a marital trust and residuary trust with an express direction it be construed to obtain the maximum marital deduction. The court found that the will indicated an intent that the residuary trust should not exceed the husband’s marital trust, and that the marital legacy would be construed as a fractional interest bequest enabling the husband to have the benefit of the increased value of assets distributed in kind, the increase being apportioned between the trusts. In Matter of Gauff (27 Misc 2d 407 [1960], supra) the will created a marital deduction trust of a sum equal to 50% of the adjusted gross estate less qualifying items passing under other provisions and outside of the will as determined in the tax proceeding, but the will was silent as to values to be used in distribution. The court held that the language used clearly defined and fixed the value of the marital *939 trust in a dollar amount, and that distribution would be governed by the usual rule requiring distribution at values at the time of distribution unless the will expressly provided to the contrary. Also, that the marital trust should be set up in the definite dollar value indicated using cash and distribution values to make up the required amount. In Matter of Nickelsburg (34 Misc 2d 82 [1961]) the will gave a marital legacy of a portion equal to the maximum marital deduction, created a residuary trust, expressly authorized satisfaction of the marital legacy in kind, and in the same paragraph directed valuation of assets using tax valuations. The court, applying the rule that distribution is at distribution date values unless the will prescribes a different time or procedure stated that the language of the will did not give a sum “ equal to ” the deduction, but gave a 1 ‘ portion ’ ’ and construed the language in its context to mean that distribution be at tax values and not at distribution values. In Matter of Gilmour (18 A D 2d 154 [1963] ) the will gave the spouse wife a marital deduction trust in an amount equal to the difference between one half of the adjusted gross estate and other qualifying property passing to the wife as determined by the tax proceeding, with an expression of intent to obtain a maximum marital deduction. The wife contended she should share in appreciation of distributed assets. The will apparently was silent as to any direction for distribution date values for assets distributed in kind. The court stated that testator’s intent derived from the language controls, that the language created a specific dollar amount for the marital trust, that the distinction between a pecuniary or fractional interest “ is a narrow one,” but that it was testator’s intent to give the wife a fixed amount with the result she did not share in any appreciation of distributed assets. In Matter of Mueller (34 Misc 2d 584 [1962]) the will created a marital deduction trust of a portion of the estate in the sum needed to obtain the maximum deduction computed on tax values and a residuary trust of the balance. On an issue of whether this gave the wife a fractional interest in the entire estate sharing in appreciation or a fixed dollar marital legacy, the court stated that there was some ambiguity in the will, but construed the language as indicative of an intent both trusts share pro rata in appreciation and that the same values should be used for each so the spouse would receive what it termed a fair share of assets on distribution.
It appears that two questions are usually involved in the cases mentioned. First, does the will give the spouse a legacy definite in amount, which is either stated or derived by compu *940 tation, and which the spouse is entitled to receive before residuary bequests are satisfied, or is the spouse given a fractional interest in the residuary estate? Second, how is the marital legacy, whether definite or fractional, to be paid, and if distribution in kind is permitted are values determined at distribution or at a different time ?
The rules indicated by the cases cited would seem to be: When the legacy is found to be of a definite dollar amount payment is in cash unless distribution in kind is authorized, and in that case property must be distributed at distribution date values unless the will directs otherwise. The spouse thus receives the full dollar value of the legacy, no more, no less, with no loss if assets have depreciated and no increase if assets have appreciated. (Matter of Gauff, supra; Matter of Gilmour, supra.) If distribution at a value other than the distribution date is authorized, then any distribution in kind must be made fairly so that any increase or decrease in asset values are shared proportionately. (Matter of Bush, supra; Matter of Inman, supra.) When the marital legacy is found to be a fractional interest in the residuary distributable estate, it is likewise payable in cash unless distribution in kind is authorized; if distribution is in kind assets must be distributed at distribution date values unless the will otherwise directs. When distribution is at another valuation date the fractional interest participates in any increase or decrease in the value of assets distributed. (Matter of Bing, supra; Matter of Ossman, supra; Matter of Mueller, supra.)
It is the opinion of the court that the express language of the present will indicates testator’s intent that any distribution in kind be at distribution date values, that he intended his wife to have a legacy in a definite amount regardless of subsequent change in asset values, that it is mandatory for the executors to satisfy such legacy in cash or property which will pay the amount in full at distribution date values. Decedent’s objectives stated and implicit in his will are thereby accomplished: (1) his wife receives her marital legacy equal to 50% of the adjusted gross estate determined on the basis of Federal tax values, (2) the wife is protected against loss, and will receive her legacy having a definite dollar value in full, neither increased nor diminished if assets change in value before distribution, (3) if distribution is made in kind the wife’s distributive share must be paid at distribution date values which are mandatory as expressly directed, (4) the estate benefits by receiving the maximum marital deduction.
*941 The fear mentioned by petitioners that the benefit of the marital deduction might be lost if the legacy to the wife is found to be in a fixed amount is unfounded. The legacy to the wife cannot be satisfied by distribution in kind of assets having a distribution date fair value amounting to less than the value of the marital legacy for which a marital tax deduction was allowed. The executors have no such discretion. Under the provisions of this will it is mandatory that any distribution in kind be at distribution date value and that the marital legacy be paid in full either by cash or by assets at such distribution date valuation so the wife will receive the full amount of her legacy. True, the estate may be required to pay some capital gains. On the other hand, the wife will enjoy a higher cost basis on the securities received. Also, in this case there may be an ultimate additional estate tax saving if enhancement value passes to the residuary trust instead of to the direct legacy of the wife which would serve to increase her own estate. Such matters, however, are effects of the testator’s will which we must assume he intended.
The will is construed accordingly to the effect that the marital legacy to the wife is in the definite amount indicated, and that any distribution in kind must be at distribution date values. The objection of the trustee is sustained. The executors are directed to amend their account in accordance with this determination. Proceed accordingly.