John D. Bennett, S.
In this accounting proceeding the widow has filed objections, claiming that the marital deduction trust for her benefit is entitled to share in the appreciation of the estate assets over the values fixed in the estate tax proceedings.
The pertinent portions of the will read:
“ Third: (A) If my wife, Helen Fisher McDonnell survives me, I give and bequeath to my Trustees a legacy in amount equal to the maximum marital deduction allowable in determining the Federal estate tax payable by reason of my death, diminished by the value of all other property and interests in property which shall be included in my gross estate for Federal estate tax purposes * * *
“ (B) * * * Such legacy may be satisfied by distribution in cash or in kind or partly in cash and partly in kind and each item of property or interest in property so distributed in kind shall be valued at the date or dates of such distribution or at the value determined therefor in the Federal estate tax proceeding in my estate, whichever value shall be lower
*58 The estate experienced a substantial appreciation in the value of certain assets which were subsequently liquidated. The executors state that they propose to satisfy the marital deduction bequest by a distribution of cash in the amount of the marital deduction allowed in the Federal estate tax proceeding, without taking into consideration the appreciation in estate assets.
The widow’s position includes an assertion that the trust for her benefit came into existence prior to the appreciation realized by the estate, and that accordingly and by reason of such fact she is entitled to share in the appreciation. By a prior motion, the widow attempted to introduce into the record a letter from the executors dated June 14, 1963, which she alleged showed beyond any doubt that the executors were admittedly holding the estate" assets in undivided proportionate shares allocated to the trust. In denying the motion, the court held that no such conclusion could be drawn from the letter. In the absence of any evidence that the executors were required to, should have or, in fact, did terminate the administration of the estate prior to the actual transfer of funds to the trust, the court dismisses this argument of the widow.
The executors and other interested parties, including the special guardian, view the question of whether the widow is entitled to share in the appreciation of estate assets as merely presenting a construction question. In view of the record at this time the court concurs with this view. The construction is apparently not sought in connection with the estate tax proceedings which have all been finally completed.
The language employed in fixing the share of the widow refers to an “amount” which term, in the absence of other provisions' indicating to the contrary, has been held to signify a fixed dollar amount or to create a pecuniary type legacy, which legacy does not share in subsequent appreciations (Matter of Gilmour, 18 A D 2d 154). However, where a will permits the executors or trustees, in satisfying the marital deduction bequest, to distribute assets in kind at date of death values, the testator is presumed to have intended that the surviving spouse share in any appreciation (Matter of Bush, 2 A D 2d 526, affd. 3 N Y 2d 908; Matter of Umpleby, 43 Misc 2d 932; Matter of Inman, 22 Misc 2d 573; Matter of Ossman, 27 Misc 2d 632).
While such holdings have created some confusion by blending to some extent the distinction between a pecuniary and fractional type marital deduction bequest, it is apparent that the paramount consideration which has motivated such holdings is the requirement that the executors, in exercising the power to distribute in kind, must do so impartially as between the various *59 beneficiaries. Although it may be beneficial tax-wise to permit one’s executors to indulge in post-mortem estate planning so as to vary the size of a bequest to a surviving spouse by (1) minimizing the share of the surviving spouse so as to decrease estate taxes in her estate, or (2) permitting the surviving spouse to share in appreciation so as to avoid a capital gains tax payable by the estate (see, e.g., Covey, The Marital Deduction: Revenue Procedure 64-19 and Formula Provisions, 36 New York State Bar Journal, p. 317), in the absence - of some indication by the testator that he intended to vest in his executors such far-reaching power to seriously affect, as proposed in this case, the share of the widow, the requirement of impartiality as between beneficiaries dictates that the power to distribute in kind be so employed as to enable the surviving spouse to share proportionately in the appreciation realized (Matter of Burnett, 89 N. Y. S. 2d 152; editorial “ Distribution in Kind and the Marital Deduction ”, N. Y. L. J., Feb. 1, 1965, p. 4).
The paragraph dealing with distribution in kind directs a distribution in kind at either the value fixed in the tax proceeding or the value at date of death, whichever is lower. While this direction is different from that appearing in the will in Matter of Bush (2 A D 2d 526, affd. 3 N Y 2d 908, supra) which required distribution at date-of-death values only, the direction here is nonetheless just as much an indication of the testator’s concern for the widow, who under such provision not only may share in any appreciation but is protected against depreciation.
The court accordingly holds that the executors may not satisfy the amount of the marital trust bequest in cash without adding to such bequest its proportionate share in the appreciation realized by the estate.
The executors are authorized to allocate the receipts from the Hammonds Partnership No. 4 as proposed by them, and to abandon as worthless the stock listed in Schedule H under the caption “ Worthless Securities ”.
Upon the submission of further data requested by the special guardian and subject to his further report thereon, the account will be settled as filed.