Harry G. Herman, S.
In this proceeding initiated by the executors for the judicial settlement of their account, the testamentary trustee has filed a cross petition .which raises a question as to whether the marital deduction trust created under article ‘ ‘ third ’ ’ of the will is entitled to share in the appreciation of the value of the estate’s assets since the decedent’s death, a problem usually approached in terms of ascertaining whether the marital deduction trust is a “ fractional ’ ’ trust or a ‘1 pecuniary formula ’ ’ trust.
The courts have held that under a ‘ ‘ pecuniary formula ’ ’ marital deduction trust the surviving spouse receives a fixed amount based on the value of the adjusted gross estate, unaffected by any appreciation or depreciation in the value of the assets comprising the estate, whereas under a “fractional” marital deduction trust the formula used is applied to the residuary estate as valued at the time of distribution, so that the surviving spouse shares in appreciation or depreciation of the estate (Matter of Schimenti, 42. Misc 2d 983, 985; Matter of Ossman, 27 Misc 2d 632; Matter of Bing, 23 Misc 2d 326).
The clause at bar provides: “third: If my said wife shall survive me by thirty (30) days, I give, devise and bequeath to my Trustees * * * an amount equal to the maximum marital deduction allowable in determining the Federal estate tax * * * diminished by the value of all other property interests included in my gross estate for Federal estate tax purposes and which .pass or have passed from me to my said wife either under any other provisions of this will or in any manner outside of this will. My Executors are authorized to satisfy said gift in money or in kind, or partly in money or *535 partly in kind * * * provided that any assets transferred in hind to satisfy said gift shall be valued for that purpose at the respective values thereof as finally determined for Federal estate tax purposes.” (Emphasis added.)
A bequest of a definite dollar amount payable in cash will create a “ pecuniary formula” trust (Matter of Gilmour, 18 A D 2d 154).
A “fractional” trust will be found if the bequest is of a stated percentage of the estate (Matter of Schimenti, supra; Matter of Ossman, supra), or where a “ portion ” or a “ part ” of the residuary estate is bequeathed (Matter of Mueller, 34 Misc 2d 584; Matter of Penney, 43 Misc 2d 517; Matter of Bing, supra).
The cases also hold that even where the language used is similar to that of a “pecuniary formula” trust (such as “ I bequeath an amount equal to the maximum marital deduction allowable ”), if the will authorizes distribution in kind at date of death values, an intention is demonstrated that the surviving spouse share in appreciation of the value of the estate (Matter of Bush, 2 A D 2d 526, affd. 3 N Y 2d 908 [distribution in kind authorized at “appraised values”]; Matter of Inman, 22 Misc 2d 573 [at tax values]; Matter of Nickelsburg, 34 Misc 2d 82 [at tax values]; Matter of McDonnell, 45 Misc 2d 57 [tax values or date of death values, whichever are lower]). Where the distribution in kind is to be made at date of distribution values, however, it has been held that it was not intended that the surviving spouse share in appreciation of the Value of the estate (Matter of Umpleby, 43 Misc 2d 932). Wh.ere the will, although authorizing distribution in kind, is silent as to the valuation of such assets, it has been held that the values will be determined as of the date of distribution (Matter of Gauff, 27 Misc 2d 407).
The terms of this will are clear and unambiguous. Under article “third” the executors are authorized to make to the trust a distribution in kind, at values as finally determined for Federal estate tax purposes, of an amount equal to the maximum marital deduction allowable, less the value of all other property interests passing to the surviving spouse under the will or otherwise.
Under the foregoing rationale, it is held that it was the intention of the testator that the surviving spouse share in the appreciation in the value of the estate (Matter of Bush, supra; Matter of Inman, supra; Matter of Nickelsburg, supra).
By article ‘ ‘ third ’ ’ of his will the testator evidenced an intent to bequeath to his wife the maximum amount permitted
*536 in order to obtain the maximum marital deduction. The size of the intended bequest was not to be diminished by the manner or method of the exercise of the discretionary power conferred by the will with respect to distribution in kind. Even a permissive grant of power to distribute wholly or partly in cash or in kind is limited by the obligation of the executors to deal fairly and equitably with all legatees (Matter of Bush, 2 A D 526, 529, supra; Matter of James, 86 N. Y. S. 2d 78, 89). Nor is there any attempted grant of power to fix the value of any assets distributed in kind at any value other than that fixed in the Federal estate tax proceeding. [Balance of opinion omitted as not of general interest.]