OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding the objectants move for summary judgment as to a portion of the objections filed by them to the executors’ account. Chief among the objections are several which relate to the objectants’ contention that the marital deduction bequest has been erroneously treated by the executors as a fractional share of the residuary entitled to share in appreciation realized during administration.
Samuel Guterman, whose death occurred on July 19, 1972, was survived by Florence, his wife, and four children *60 of a prior marriage, three of whom are the objectants and the fourth, Reuben, one of the coexecutors together with Jacob Friedman, an attorney and son-in-law of Florence.
Subparagraph (A) of article sixth, the residuary clause, establishes a trust for Florence of “an amount equal to one-third (Vs) of the value of my adjusted gross estate.” Subparagraph (A) concludes with a grant of authority to distribute assets in kind, valuing each asset at the lower of distribution or “its basis in my estate for Federal income tax purposes.”
The two basic types of marital deduction formula provisions are the pecuniary (or legacy) and the fractional bequest. The “true” pecuniary provision is of a fixed amount which does not vary, while the fractional increases (or decreases) with the fortunes of the estate during administration (Covey, The Marital Deduction and the Use of Formula Provisions [2d ed], pp 8, 21-22). An increase in value understandably finds the surviving spouse as here contending for a fractional bequest and the residuary beneficiaries for a pecuniary bequest.
The use here of the phrase “an amount equal to” to quantify the marital bequest employs traditional pecuniary provision language (Matter of Epping, 29 AD2d 410, affd 23 NY2d 980; Matter of Goutmanovitch, 105 Misc 2d 851; Covey, op. cit., pp 8, 27-28; Comment, Federal Taxation: Formula Clause Marital Deduction Gifts, 40 Tul L Rev 601, 603). However, the testator did not employ a “pure” pecuniary bequest unqualified by language authorizing distribution at specified dates, but empowered the executors to select the lower of either date of distribution or estate tax values in funding the marital trust. This has been referred to as a “minimum worth” or hybrid pecuniary legacy which is characterized as having a “floor” but no “ceiling” (Covey, op. cit., p 114; Trapp, Drafting and Funding Marital and Non-Marital Formula Bequests, 17 Univ of Miami, Inst, on Estate Planning, pars 1200, 1201.4). While a literal reading of the “minimum worth” provision would sanction the executors’ distribution of appreciated assets in funding a marital bequest, the objectants contend that EPTL 2-1.9 dictates a contrary result.
*61 EPTL 2-1.9 provides in part that where a fiduciary is authorized to satisfy a pecuniary bequest in kind and the instrument “requires the fiduciary to value the assets selected by the fiduciary for such distribution, the assets selected * * * shall have an aggregate value on the dates of their distribution amounting to no less than, and to the extent practicable no more than”, the amount of the marital bequest.
It is clear from the extensive report of the Commission on Estates that the enactment of EPTL 2-1.9 was specifically designed to meet the exigencies of Revenue Procedure 64-19 (1964 1 CB 682) which threatened to disallow a marital deduction where pecuniary bequests authorized a distribution at estate tax values (Fourth Report of Comm on Estates, NY Legis Doc, 1965, No. 19, Report No. 5.42A, pp 307, 326). The statute is completely unnecessary to protect a hybrid clause such as here since under such a provision the marital bequest will always be funded with assets having a value at least equal to the amount of the pecuniary bequest allowed as a marital deduction (Matter of McDonnell, 47 Misc 2d 967, 970). While it has been observed that the literal language of EPTL 2-1.9 applies to a hybrid legacy as well (Matter of Goutmanovitch, supra, p 863), such a literal application to a hybrid pecuniary bequest thereby converts it into a true worth pecuniary bequest (Covey, op. cit., p 118), in effect nullifying the express authorization that the bequest have no “ceiling.”
In the Goutmanovitch case, Surrogate Midonick expressly left open the possibility, not factually present before him, that under a hybrid pecuniary bequest an executor might have discretion to decide whether to distribute cash or appreciated assets. That potential set of circumstances is presented here. The marital deduction formula bequest is held to be a hybrid pecuniary provision which authorizes the executors to distribute appreciated assets at their estate tax- values. The objectants, however, contend that the account as filed indicates that the martial deduction has been substantially funded with cash distributions of principal. However, in their amended account the executors have substantially revised the amount of principal distributions.
*62 Objection 13 concerns the right to proceeds realized on the sale of a contract right to the purchase of a condominium in the State of Florida. An alleged copy of the contract of sale indicates it was executed by both the decedent and Florence, his wife. The objectants contend that the proceeds should be reflected as a distribution to the marital trust, whereas the executors contend such proceeds pass to her by operation of law on the ground that the right to purchase the real property was held as tenants by the entirety.
Under the theory of equitable conversion, a vendee under an executory contract of sale becomes the equitable owner of the land and the vendor’s interest is relegated to the purchase money, the effect in equity being that the vendee has an interest in realty and the vendor an interest in personalty (8A Thompson, Real Property [1963 ed], § 4447; 2 Pomeroy, Equity Jurisprudence [5th ed], § 368).
Whether an interest in land is equitably converted under a contract of sale is determined by the law of the situs (Restatement, Conflicts 2d, § 225) which, in this case, is the State of Florida. The cases in Florida support the theory that there is an equitable conversion upon the execution of a contract relating to realty, the vendee becoming the beneficial owner and the vendor holding only naked legal title as security for the payment of the purchase price (Penney Co. v Koff, 345 So 2d 732 [Fla]). A New Jersey case specifically holds that a contract to purchase an interest in realty taken in the names of a husband and wife creates a tenancy by the entirety in equity with the survivor taking all (Oscsenda v Oscsenda, 2 NJ Super 353). While not from Florida, the Oscsenda case is, nevertheless, persuasive and is a logical extension of the equitable conversion doctrine under which theory the vendee’s interest is both alienable and descendable (8A Thompson, op. cit., pp 281, 282). The objectants have not disputed the authenticity of the contract of sale dated February 14, 1972, and since summary judgment may be granted to a party other than the moving party where it shall appear that he is entitled to such relief, summary judgment dismissing objection 13 is granted.
[Portions of opinion omitted for purposes of publication.]