

# The Attorney General of Texas

March 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Max C. Butler, M.D.
President, Board of Medical Examiners
Suite 900, Southwest Tower Building
211 East Seventh Street
Austin, Texas 78701

Opinion No. H-1143

Re:  Construction of article 4447s, V.T.C.S., (Acts 1975, 65th Leg., ch. 621, at 1528), which relates to disclosure of certain agreements for the payment of laboratory test.

Dear Dr. Butler:

You have asked a number of questions regarding the construction of article 4447s, V.T.C.S., enacted by the 65th Legislature.  That statute provides:

> Section 1.  No person licensed in this state to practice medicine, dentistry, podiatry, veterinary medicine, or chiropractic shall agree with any clinical, bioanalytical, or hospital laboratory, wherever located, to make payments to such laboratory for individual tests, combination of tests, or test series for patients unless such person discloses on the bill or statement to the patient or third party payors the name and address of such laboratory and the net amount or amounts paid to or to be paid to such laboratory for individual tests, combination of tests, or test series.
>
> Sec. 2.  The board or agency responsible for licensing and regulation of persons practicing medicine, dentistry, podiatry, veterinary medicine, and chiropractic, in addition to other authority granted, may deny an application for license or authority to practice for violation of Section 1 of this Act.

You first ask whether the act applies to a professional association or other organization of physicians.

An organization cannot be "licensed in this state to practice medicine." See Rockett v. Texas State Board of Medical Examiners, 287 S.W.2d 190 (Tex. Civ. App. — San Antonio 1956, writ ref'd n.r.e.). The individual physicians who make up the organization, however, are subject to the provisions of the statute if that association "agree[s] with any . . . laboratory . . . to make payments to such laboratory for . . . tests . . . for patients." Article 1528f, the Professional Association Act, specifically provides in section 6 that a licensed individual employed by a. professional association "shall remain subject to reprimand or discipline for his conduct." It would appear, therefore, that, while a professional association or other organization of physicians need not comply with article 4447s, the professional members of that organization are subject to its terms.

Your next question is whether article 4447s is applicable to a laboratory owned by the physician who requests the analysis or to one which is cooperative in nature and is owned by a group of physicians. The statute makes clear that it applies to an agreement "with any . . . laboratory, wherever located . . . " (emphasis added). So long as the laboratory is organized as a separate entity we believe that it falls within the meaning of article 4447s.

You also ask whether the required disclosure could be accomplished by a statement indicating a percentage of the total amount paid for laboratory services. The statute requires that the patient's bill disclose the "net amount or amounts . . . paid to such laboratory. . . ." In Alidor v. Mobile County Comm'n, 284 So.2d 257 (Ala. 1973), a tax assessor, required by statute to certify "the amount of ad valorem tax," attempted to comply by expressing the amount in terms of a percentage of assessed value. Although the court found no reversible error, "since only a simple arithmetical procedure was necessary to get the correct amount," it acknowledged that certification of a dollar amount would have been more appropriate. Id. at 260. See In re McDonnell's Will, 256 N.Y.S.2d 149, 151 (N.Y. Surrogate Ct. 1965).

In our opinion, the use of a percentage rather than a dollar amount will not constitute a defense to a proceeding under article 4447s. The bill analysis states that

> [t] here is some concern that the amount billed to the patient or insurance company may not actually reflect the cost of the laboratory test.

It is clear that the purpose of article 4447s is to protect the patient from unfair laboratory charges. It is well established that, in interpreting a statute,

> it is permissible to consider the evil sought to be remedied and the causes which induced its enactment.

State v. Bothe, 231 S.W.2d 453, 456 (Tex. Civ. App. — San Antonio 1950, no writ). See also Grasso v. Cannon Ball Motor Freight Lines, 81 S.W.2d 482, 486 (Tex. 1935). We believe therefore that article 4447s requires disclosure of a net dollar amount rather than a percentage of the total amount paid for laboratory services.

You also inquire as to whether the Board of Medical Examiners has any enforcement authority for violation of article 4447s aside from that granted in the statute itself. Section 2 permits the Board to "deny an application for license . . . for violation of Section 1 . . . ." But it also makes clear that such authority is "in addition to other authority granted." Article 4506, V.T.C.S., grants to the Board

> the right to cancel, revoke or suspend the license of any practitioner of medicine upon proof of the violation of the law in any respect with regard thereto . . . .

Thus, we believe that the Board is authorized to cancel, revoke or suspend the license of any physician who is found to have violated article 4447s.

Your last question is whether the required disclosure may be accomplished "by the posting of a schedule of laboratory tests and costs therefor or by notification to the patient on a bill or statement that such information is available on request." In our opinion, article 4447s clearly requires that the "net amount" be disclosed "on the bill or statement." Accordingly, we answer your final question in the negative.

### SUMMARY

> Although a professional association or other organization of physicians need not comply with article 4447s, the professional members of that organization are subject to its terms. Article 4447s applies to agreements with any laboratory organized as a separate entity. The statute requires disclosure of a net dollar amount rather than a percentage of the total amount paid for laboratory services. Disclosure is not accomplished by the posting of a schedule of costs or notification to the patient that such information is available on request, but must be made known to the patient on the bill or statement. The Board of Medical Examiners, in addition to its authority to deny an application for license for violation of article 4447s, is also empowered by article 4506 to cancel, revoke or suspend the license of any physician who is found to have violated that statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst