Argued May 10, affirmed August 14, petition for rehearing
denied September 18, 1962

IN THE MATTER OF THE ESTATE OF
HARRY T. NICOLAI, DECEASED
NICOLAI ET AL *v.* HOFFMAN ET AL
373 P. 2d 967

*Frank E. Nash,* Portland, argued the cause for appellant Nancy Nicolai Hilton. *Raymond P. Underwood,* Portland, argued the cause for appellant Theodore Nicolai II. With them on the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, and King, Miller, Anderson, Nash and Yerke and Kenneth W. Hergenhan, Portland.

*Barnett H. Goldstein* and *Justin N. Reinhardt,* Portland, argued the cause and filed a brief for cross-appellant and respondent Ethel Hoffman.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

This is a contest between the widow of the deceased, Nicolai, and his children in respect to the interpretation to be given a marital deduction clause contained in the decedent's will. The disputed clause reads:

"I give and bequeath to my wife, ETHEL NICOLAI, if she survives me, a portion of my estate equal in value to the maximum marital deduction allowable in the determination of the federal estate tax upon my estate, less the value of any property which passed or is deemed to have passed to my wife under other provisions of this will or otherwise than under this will, but only to the extent that such property is included in my estate for the purpose of the federal estate tax and is allowable as a marital deduction. I authorize and empower my executors in their discretion

to select the property to be transferred and delivered to my wife in accordance with this paragraph, but such property shall only be of a character eligible to qualify for the marital deduction. In computing the value of property under this paragraph, the values finally determined for the purpose of the federal estate tax shall be conclusive."

It is necessary to determine whether this clause provided for a general pecuniary legacy in a fixed dollar amount or did it provide for a fractional interest in the decedent's estate. The question becomes acute because the estate appreciated in value in a substantial amount during the period of probation. If it is held to be a pecuniary legacy, the widow will not share in the appreciation in value of the assets. The enhanced value will go entirely to the two children of the decedent who are the residuary legatees. If it is a fractional interest, the widow will receive a large percentage of the increase. The trial court held that it was a fractional interest. The children appeal.

Section 2056 (26 USCA 2056) of the Internal Revenue Code of 1954 provides that "* * * the value of any interest in property which passes or has passed from a decedent to his spouse * * *" may be deducted from the value of the gross estate in determining the value of the taxable estate. But this deduction is limited to the property interests that are included in the value of the gross estate and the total amount of the deduction "* * * shall not exceed 50 per cent of the value of the adjusted gross estate * * *". Other restrictions and limitations within the act have created excruciating drafting problems for tax counselors who seek to gain the maximum benefits allowed by the act. For an excellent short dis-

sertation of some of these problems, see Marital Deduction Tax Traps written by Malcolm Muir of the Pennsylvania Bar in the June 1961 issue, Volume 32, of Pennsylvania Bar Association Quarterly. We know, both from the evidence in this case and from common knowledge, that the lawyers, and others who work within the framework of the tax act, have given much collective and individual study to the problem of drafting a will that will meet the tests of the act. The problem we are immediately concerned with is what language must be used to provide for a general pecuniary legacy of a fixed dollar amount and what language will suffice to create a fractional interest. From the authority available it is apparent that it is most difficult to draft a provision which will allow the maximum deduction and still distinguish which form, either a fixed amount or fractional, that the bequest is to take.

There are few reported decisions that have considered this precise question. There are three cases which tend to support appellants in this case and are relied upon by them. The cases are: *In Re Althouse's Estate,* 1961, 404 Pa 412, 172 A2d 146; *In Re Estate of Kantner,* 1958, 50 NJ Super 582, 143 A2d 243; and *King v. Citizens & Southern Nat. Bank of Atlanta, Ga.,* (Fla App 1958) 103 So2d 689. It was said that these cases tend to support appellants. The language construed in each of the cases varies from the language used in the will now before us. The cases cited do not convince that appellants' construction of the will is correct. And the Althouse case is decided primarily upon the authority of the Kantner case.

Respondent, in turn, relies primarily on three cases decided by New York courts: *In Re Inman's Estate,* 1959, 22 Misc 2d 573, 196 NYS2d 369; *In Re*

*Bing's Estate,* 1960, 23 Misc 2d 326, 200 NYS2d 913; and *In Re Bush's Will,* 1956, 2 App Div 2d 526, 156 NYS2d 897. The decisions in these cases give support to respondent's contentions. This appears to be all of the case law that can be found bearing on the question at issue. It is undecisive and not very persuasive in either direction.

The writings and opinions of experts are not much more helpful and are also about equally divided. 1 Casner, Estate Planning, (1961 ed), Chapter XIII, by the use of model forms and comments thereon would appear to hold that the will in question provided for a pecuniary legacy. However, he does not say that the language he would employ to create a fractional interest is the only phraseology that would accomplish the purpose. An article of Professor Casner on Marital Deduction Provisions found at 64 Harv L Rev 582, 1951, has been largely incorporated in his work on Estate Planning, supra. Appellants place great reliance on a form of will suggested by the American Law Institute's publication on Lifetime and Testamentary Estate Planning written by Harrison Tweed and William Parsons. There have been several editions of this publication. Appellants cite the 1959 edition. The form suggested by Tweed and Parsons uses language similar to that we have before us and the authors' comment is that such language creates a pecuniary legacy. In Rev. Rul. 60-87, Internal Revenue Cumulative Bulletin 1960-61, page 286, a ruling of the Internal Revenue service, appears to take the view that a fractional formula to determine the amount the marital deduction must be included in the residuary clause of a will.

The latter is a view that we cannot accept. When the marital deduction provision is included in the

residuary clause of a will other tax consequences can result. Furthermore, we find no reason why a provision to set aside a fractional amount of an estate must be placed in any particular part of a will. And, in this instance the Internal Revenue ruling was incidental to deciding whether or not the property being distributed was subject to a capital gains tax on the gain in value from the date of the testator's death until the date of distribution. If the clause being interpreted were held to be a pecuniary legacy in a fixed amount then capital gains taxes would attach. If it were a fractional bequest the tax would not apply. The revenue service has never been known to be too anxious to rule against the imposition of a tax. Although the ruling cited, on its face, gives support to the argument of appellants, we think the authority of it is impaired for the reasons stated.

Other authorities support respondent's theory of the case. The article by Muir, before cited at 32, Pennsylvania Bar Association Quarterly, 1960-61, at page 381, states that the use of the words a "portion of my estate" creates a maximum marital deduction of a fractional interest. We take this particular article to be persuasive. Although it is comparatively short, the author demonstrates a considerable grasp of the intricacies of the drafting of a marital deduction clause that will meet the intention aimed at. An article appearing in 1957 So Calif Tax Inst, pages 505, 531, 533, also states that the use of the words a "portion of my estate" creates a fractional interest.

As before stated, the various authorities and cases we have referred to, give no clear cut answer to the problem. The authorities last cited are the more persuasive because they treat with the exact language of the will in question. The other cases and authori-

ties do not. Basically this is a problem of the construction of a will—an attempt to find the intent of the testator. The questions raised are created because of a tax problem but the ultimate objective is the same as any other question concerning the construction of a will—what did the testator want?

Unfortunately we are provided with no direct evidence of this intent other than the will itself. The attorney who prepared the will, for some unexplained reason, was not called to testify. It is easy to find from the entire will that the testator intended his widow to have the maximum benefits possible without the burden of taxation. Other documents in evidence, executed by the testator, reflect that he was a man of unusual business acumen and was meticulous in the drafting of these documents. They reflect the ability of the man to know and to attempt to achieve the purpose intended. We think it fair to assume from all of the evidence that the testator, at the time of the execution of the will, could well have anticipated that his estate would continue to enhance in value rather than diminish. Although we do not have the testimony of the scrivener of the will we do have the testimony of his partner, who is the attorney for the executors of the will. The latter is not only a partner of the scrivener but worked with the scrivener in close association in the tax field of practice. He testified that the clause used in this will had been the result of much study and change during the years since 1948 when the marital deduction first came into existence, and that the words used in this will were meant to create a maximum fractional interest in the estate. He so interpreted the will and by a lengthy memorandum made prior to a partial distribution addressed to all of the persons interested in the estate, ex-

pressed this point of view. The appellants at that time acquiesced in that interpretation and thereby approved, at that time, of the construction of the will that they now oppose.

It must be remembered that the draftsman of a will who desires to provide for a maximum marital deduction must tread lightly on thin ice. There are many other complications involved other than those we have mentioned. The probable imposition of capital gains upon enhancement of value between the date of death and date of distribution was an element we believe the testator here intended to avoid. We are convinced that in this case the testator intended that the distribution was to be made upon the value of the assets as determined for estate tax purposes and not on a value to be determined on the date of distribution. That determination, to some extent, makes superfluous what has been said before. It adds to our ultimate belief that the testator intended to create a fractional interest. The whole of the evidence leads to that conclusion. We can find some positive evidence above mentioned, to support that view and only negative or no evidence to support the contrary position. It is apparent from the record that the trial court gave long and careful attention to this case. We are convinced that he correctly decided it. The order appealed from is, therefore, affirmed.