Mary Sue S. HANNA, Executrix *v.*
William H. HANNA, Jr., et al

80-253                                    619 S.W. 2d 655

Supreme Court of Arkansas
Opinion delivered July 20, 1981
[Rehearing denied September 21, 1981.]

*Brown, Compton & Prewett, Ltd.*, by: *William I. Prewett* and *Joseph Hicky*, and *Friday, Eldredge & Clark*, by: *H. T. Larzelere* and *William T. Baxter*, for appellant.

*H. Darrell Dickens*, for appellees.

FRANK HOLT, Justice. This is an appeal from several orders of the probate court pertaining to certain disputed issues in probating the estate of the testator, William Herbert Hanna. The disagreements arose between the appellant, the testator's widow and executrix, and appellees, the testator's son, William Herbert Hanna, Jr., and a local bank as trustee, residuary beneficiaries. All matters were resolved by the probate court in favor of the appellees.

The testator, age 85, died March 24, 1975, leaving an adjusted gross income valued for federal estate tax purposes which was determined to be $1,774,003.22. His will was admitted to probate and his widow appointed executrix on April 4 of that year. His will left one-half of the assets of the estate to the appellant, to be selected by her (after deducting the amount of properties passing to her outside the will), as a marital deduction bequest, $40,000 to Hanna, Jr., several

specific bequests of lesser amounts, and the remainder to the bank as trustee with the net income to be paid to appellant at least quarter-annually, according to her needs — the remaining net income to be distributed at least annually to the son. The trust had other provisions not pertinent here.

It appears that by February, 1977, the specific bequests had been paid as well as the debts of the estate including the federal and state estate taxes. During the next two years, various motions, accountings, objections thereto, interrogatories and responses were filed, and hearings conducted. Finally, when certain issues could not be resolved by agreement, they were submitted to the probate court. On these issues the court found that all of the income derived from the estate during the administration should be allocated to the residuary trust; that $750 per month, being paid by a court order to appellant from the estate, should be applied and allocated against her marital bequest; that appellant was entitled to $3,000 as compensation for her services as executrix of the estate; and that on the main issue, the marital bequest to her was a pecuniary and not a fractional bequest, that the clear intent of the testator was that his widow would select and receive estate assets in an amount which would equal one-half of the deceased's adjusted gross estate as defined for federal estate tax purposes, that the value of the assets used to fund that pecuniary bequest be determined at their fair market value on the date or dates of their distribution. The court noted that the will provided the fair market value on the date of distribution be no less than the amount of the pecuniary bequest. The adjusted gross estate was $1,774,003.22 and, therefore, appellant was entitled to one-half ( $887,001.61), no more or less. She had received $393,037.37 independently of the marital bequest which, by the terms of the will, was to be charged to her one-half marital bequest. Thus, a balance of $493,964.24 was due her from the assets of the estate. Any assets selected and distributed to her which exceeded that amount were ordered returned to the estate.

The primary issue asserted for reversal is that the court erred in holding that the marital bequest should be funded with assets of the estate by using the fair market value of such

assets as of the date or dates of distribution. The paramount rule in construing wills is that we determine the intent of the testator, from the four corners of the will, considering the whole will and in the light of the situation and circumstances surrounding the testator at the time of execution. *McLane* v. *Chancey, Admr.*, 211 Ark. 280, 200 S.W. 2d 782 (1947). The third paragraph of the will here reads:

> In the event I am survived by my wife, I give, devise and bequeath to Mary Sue S. Hanna assets of my estate, to be selected by the Executrix of this Will, in an amount which, when added to any other property which is passed or will pass to my wife independently of this bequest and which will qualify as a part of the marital deduction of my estate, will equal one-half of my adjusted gross estate as defined for federal estate tax purposes in the Federal Internal Revenue Code. Only assets that qualify for the marital deduction shall be available for selection by my Executrix and the fulfillment of this bequest. The values used in fulfilling this bequest shall be those values as finally determined for federal estate tax purposes, but the aggregate fair market value at the date or dates of distribution of the property received by my wife must be no less than the amount of this bequest as finally determined for federal estate tax purposes.

The appellant asserts this is not a true pecuniary bequest, but a "minimum worth" pecuniary formula provision and, thus, the clear intent of the testator was that, in fulfilling the marital bequest, the property distributed to satisfy the bequest should be valued as of the date of its valuation for federal estate tax purposes. Therefore, apellant should benefit from any appreciation of the assets, selected by her, up to the date of distribution. We disagree.

This is clearly a true pecuniary bequest. Here, the preresiduary marital bequest in the will provided for the funding of the marital bequest with assets *"in an amount which ... will equal one-half of my adjusted gross estate as defined for federal estate tax purposes ..."* (Italics supplied.) The words "an amount" are construed to indicate a true

pecuniary bequest, or a bequest of a certain fixed amount unaffected by appreciation or depreciation of the assets and not a fractional bequest, although the bequest may be satisfied by assets in kind. *In re Estate of Thompson, Deceased,* 90 N.J. Super. 350, 217 A. 2d 627 (1966); *In re Lewine's Estate,* 286 N.Y.S. 2d 566 (1968); *In re Estate of Kantner,* 143 A. 2d 243 (1958); and Fed. Est. & Gift Tax Rep. (CCH) par. 2081.09. Here, we note the appellant does not contend this is a fractional share bequest. In a true pecuniary bequest, unless otherwise provided, "the widow is not entitled to share in the appreciation of security values to the date of distribution and does not suffer by reason of any shrinkage thereof." *In re Estate of Thompson, Deceased, supra.*

The clause in the will stipulating that the fair market value of those assets used to fund the bequest could be no less than the amount of the bequest as determined for federal estate tax purposes merely satisfied the requirement of the Internal Revenue Service, pursuant to Rev. Prac. 64-19. See Ark. Stat. Ann. § 62-2909.1 et seq. (Repl. 1971); *Estate of Doyle J. Smith,* par. 78, 175 P-H Memo TC; Polasky, *Marital Deduction Formula Clauses in Estate Planning — Estate and Income Tax Considerations,* 63 Mich. L. Rev. 809 (1965). It appears that the I.R.S. clearly warns that a marital bequest does not qualify as a marital deduction when the bequest is funded with estate properties which have a fair market value on the date or dates of distribution of less than the amount which was deducted for federal estate tax purposes. Thus, depreciated assets cannot be used to fund such a bequest to give the estate the full benefit of the marital deduction while the estate of the surviving spouse is not increased by the full amount. Here, the testator used language in his will which indicates a typical pecuniary type formula for the fixed amount of a gift in order to accomplish the exact maximum marital deduction — no more and no less.

It is apparent from a reading of the above quoted provision that the testator intended to take full advantage of the federal estate tax marital deduction of one-half to the surviving spouse, by providing that any assets passing to her

independently of the bequest, i.e., by operation of law, be deducted from the amount of the assets so that the total amount not exceed one-half of his adjusted gross estate. Here is evidenced a clear intent that the bequest not be overfunded and that federal estate taxes be kept to a minimum. To allow the appellant to receive the appreciation accruing to those assets she selected to fund the bequest would be to allow *an amount* in excess of the pecuniary bequest of one-half the estate. This would result in overfunding the bequest and increased tax liability. Williams, *Overqualification of Marital Deduction Due to Joint Ownership and Insurance*, 21 Ark. L. Rev. 23 (1967-68). Furthermore, here the testator made an additional or backup provision for his widow as primary beneficiary in the trust by providing her with funds from the trust income which might become necessary to maintain her needs and standard of living. We find the probate judge correctly held that the bequest should not exceed one-half of the amount of the estate as valued for federal estate tax purposes and any excess due to appreciation of those assets (as of the date of distribution) selected by her should be returned to the trustee.

Next, it is urged that the court erred in finding the income earned by the estate during its administration should be allocated to the residuary beneficiaries. We find no error. This matter is covered by Ark. Stat. Ann. § 58-605 (b) (Repl. 1971), as the probate judge held. That statute provides in pertinent part:

> (b) Unless the will otherwise provides, *income* from the assets of a decedent's estate after the death of the testator and before distribution ... shall be ... distributed as follows:
> (1) to specific legatees and devisees, the income from the property bequeathed or devised to them respectively ...
> (2) to all other legatees and devisees, *except legatees of pecuniary bequests* not in trust, the balance of the income ... in proportion to their respective interests in the undistributed assets of the estate computed at times of distribution on the basis of inventory value. (Italics supplied.)

Here, the will provided for a pecuniary bequest to appellant, as previously discussed; no provision was made for the income to be distributed to the widow. Therefore, the language of the above statute controls.

Appellant also contends that the probate judge erred in determining that the appellant was entitled to only $3,000 as compensation for her services as executrix, rather than the statutory maximum, which appellant computes as being in excess of $49,000. Ark. Stat. Ann. § 62-2208 (Supp. 1981). That statute also provides:

(a) The personal representative shall be allowed such compensation for his services when and as earned, as the court shall deem just and reasonable ...

Here, the appellant has listed numerous pleadings, orders, and matters filed in the administration of the estate to justify her claim for services as executrix. This is a sizeable estate and no doubt much effort has been required in administering it. There was no testimony taken at the hearing as to the issue of appellant's compensation. Appellant, 87 years of age, was unable to attend this hearing due to her health. It appears that the work was done largely by her brother, who was allowed $500 per month by the court, as her assistant, and her accountant and her attorney. In the circumstances, we find no abuse of discretion by the trial court as to the award. *Torian et al* v. *Smith*, 263 Ark. 304, 564 S.W. 2d 521 (1978).

The final point is that the judge erred in determining that the $750 per month paid appellant during the administration of the estate should be charged against her marital deduction bequest provided for in the will. Appellant relies on Ark. Stat. Ann. § 62-2016 (d) (Repl. 1971), which provides that on appeal from an order of distribution, all prior appealable orders to which written objections were filed within 60 days after rendered shall be reviewed, urging no written objection was filed within 60 days of the order. We do not find this statute to be controlling here. The petition seeking the monthly support payments acknowledges that the will makes no provision for a distribution to her from the

income of the estate. Appellant had asked that $750 per month from the income of the estate be paid to her "to be charged against the bequest made to her in said will." The *ex parte* order stated the requested payment should be distributed to appellant during the administration of the estate; however, such payments should ultimately be "charged against" her bequest. This is what the probate judge has ordered. Also, as the court found, there was no showing that the appellant needed the money to maintain her standard of living. To the contrary, she did not need it. It appears she has considerable personal wealth in her own right.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. From the four corners of the testator's will I perceive a husband who wanted to provide for his widow above all other things. He wanted to take full advantage of the Internal Revenue Code as it related to the marital deduction but he wanted to provide for his wife above all. It was for this reason he inserted in his will a provision which would guarantee her an amount equal to one-half of the gross estate as valued for federal estate tax purposes. This would prevent her from losing if the assets reduced in value before distribution. Additional evidence that the testator placed the welfare of his wife above taxes or son or anything else is the inclusion of the provision that she receive as much income from the residual trust estate as she needed to maintain her needs and standard of living.

It is my opinion the testator meant exactly what he said when he stated:

> ... I give, devise and bequeath to Mary Sue S. Hanna assets of my estate, to be selected by the Executrix of this Will, in an amount ...

If he had in mind a pecuniary bequest, he would simply have said, "I give her X dollars" or "half of my estate will be sold and the proceeds given to my wife." Instead, he gave her a

fractional gift of his estate by allowing her to select from the assets of the estate items in an amount equal to one-half of the adjusted gross estate.

There is no doubt in my mind that the court has thwarted the will and intent of the testator in denying the widow the right to select assets as provided in the will. She is in reality being awarded less than one-half of the estate because the estate produced income and appreciated in value and this increase is being placed in the remaining part of the estate. The holding of the majority declares this bequest to be a pecuniary legacy and therefore subjects it to capital gains tax. No such tax would apply if the bequest were held to be a fractional one.

*In re Estate of Walker P. Inman*, 22 Misc. 2d 573, 196 N.Y.S. 2d 369 (1959), the same argument was made as is presented by appellees in the present case. The words in the *Inman* will were very near the same as those used in the present case. The seventh article in the *Inman* will set up a marital trust for the widow in language as follows:

> An amount which shall equal one-half (1/2) in value of my adjusted gross estate, as that term is defined in Section 812 (e)(2) of the United States Internal Revenue Code, as amended, 26 U.S.C.A. § 812 (e) (2), said one-half (1/2) to be reduced, however, by the aggregate ... passing ... to my said wife otherwise than by the terms of this article.

The foregoing language is almost identical to the language in the case before us. In *Inman* the guardian for a minor son protested the distribution of assets in kind to the widow on the grounds that the assets had greatly appreciated in value since the evaluation for federal estate tax purposes was made. The court overruled the protest and allowed the assignment of assets to the widow to stand. Therefore, this same wording has clearly been held to be a fractional bequest rather than a pecuniary one.

There is a comprehensive annotation of "specific percent" or "proportion" of estate or property in 87 ALR 3d

605. A large percent of the cases analyzed in this annotation are worded almost identically to the will before us. There seems to be very little argument that such bequest is fractional or percentage rather than pecuniary or dollars and cents. I will not burden this dissent with the many cases reported in the above annotation.

The same question before us was presented in *In re Penney's Will*, 43 Misc. 2d 517, 251 N.Y.S. 2d 490 (1964), wherein it was said:

Respondents herein have taken the position that the language used in the will is in the nature of a pecuniary bequest, and therefore not subject to appreciation subsequent to the estate tax evaluation; that the gift was capable of exact computation when the adjusted gross estate was determined and is consequently a legacy of a fixed amount.

This is the argument made by the appellees in the case before us. The wording of the bequest in *Penney* was essentially the same as in the case before us. In *Penney* the surviving spouse same was in the case before us. In *Penney's* the surviving same as in the case before us. In *Penney's* the surviving spouse transferred to himself shares of the value of one-half of the adjusted gross estate, less the amount passing outside the will. The appellate court decided the language was ambiguous and looked outside the will to determine the intent of the testatrix. The court finally approved the treatment of the bequest as a fractional one in quoting from another case which stated:

The results indicate a constructional preference for the percentage or fractional type of 'marital deduction trust'.

The court then approved the distribution in kind thus allowing the widower to participate in the appreciated value of the estate. The wording of the *Penney* will was in part as follows:

(a) One-half (1/2) of the value of my adjusted gross estate (as defined in the United States Internal Revenue

Code), and as finally determined for Federal estate tax purposes, less

(b) The value of all interests in property, if any, which pass or have passed . . . otherwise than under this will . . .

The *Penney* language is by far more similar to a pecuniary bequest than the one in the present case which specifically allows the widow to select ". . . assets of my estate, to be selected . . . in an amount which, when added to any other property which is passed or will pass to my wife independently of this bequest . . . which will equal one-half of my adjusted gross estate as defined for federal estate tax purposes in the Federal Internal Revenue Code. Only assets that qualify for the marital deduction shall be available for selection . . . fulfillment of this bequest."

The case which I think is the most clear and simple and presents exactly the same problem as we face is that of *In re Nicolai's Estate*, 373 P. 2d 967 (Ore. 1962). The Oregon Supreme Court sitting in banc unanimously held the bequest to be a fractional interest of the estate. The exact words of the bequest were as follows:

I give and bequeath to my wife, ETHEL NICOLAI, if she survives me, a portion of my estate equal in value to the maximum marital deduction allowable in the determination of the federal estate tax upon my estate, less the value of any property which passed or is deemed to have passed to my wife under other provisions of this will or otherwise. . . . I authorize and empower my executors in their discretion to select the property to be transferred and delivered to my wife in accordance with this paragraph. . . .

This case was a contest between a widow and her children upon the interpretation of the foregoing marital trust bequest. The court held that it was the intention of the testator to create a fractional interest rather than a pecuniary legacy.

In the many cases I have examined where the wording of

the legacy was essentially the same as that in question here, the large majority of the cases have held the language to constitute a fractional interest of the estate. The question becomes rather critical when the assets of the estate appreciate in value during the time the estate is under probation. In cases where the legacy is held to be pecuniary the widow or widower is not allowed to share in the appreciation of the assets. On the other hand, if it is held to be a fractional interest, the surviving spouse will receive a proportionate share of the increase in value. This would also hold true for the income produced by the estate during probate. It appears to me that the majority opinion is erroneously based upon the premise that the testator preferred to save taxes over taking care of his wife. As I see it, all four corners of the will point to the testator having in mind to provide for his wife first and then take advantage of any tax provisions in the Internal Revenue Code. In my opinion, William Herbert Hanna desired most of all that his wife receive enough income to continue living in the manner to which she was accustomed and in so doing he felt that she should receive a fractional interest of his estate. Any other interpretation would be to defeat the intent of the decedent.